UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STT ACQUISITION, INC.,

    Plaintiff,

v.                                                     Case No. 8:23-cv-2126-KKM-AAS

GREAT LAKES INSURANCE SE,

    Defendant.
_____

## ORDER

STT Acquisition, Inc., sued its insurer, Great Lakes Insurance SE, for breach of its insurance policy. Compl. (Doc. 1-1). Great Lakes counterclaimed seeking to void the policy for fraud. Am. Ans. (Doc. 23). I granted Great Lakes's motion for summary judgment on STT's breach of contract claim but denied STT's motion for summary judgment on Great Lakes's counterclaim. *See* (Doc. 72). Great Lakes now moves to voluntarily dismiss its counterclaim—the only remaining claim in the action—without prejudice under Federal Rule of Civil Procedure 41(a)(2) and requests entry of final judgment under Rule 58(d). Am. MTD (Doc. 76). STT

opposes,[1] arguing that if the counterclaim is dismissed without prejudice it "risks losing its right to appeal this Court's summary-judgment order." (Doc. 78) at 1–2. I disagree and grant Great Lakes's motion to dismiss the counterclaim without prejudice.

Federal Rule of Civil Procedure 41 governs a plaintiff's ability to dismiss an action voluntarily and without prejudice. "Once an answer or a summary judgment motion has been filed, Rule 41(a)(2) permits a plaintiff to dismiss voluntarily an action only 'upon order of the court and upon such terms and conditions as the court deems proper.'" *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam) (quoting FED. R. CIV. P. 41(a)(2)). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *Id.* (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986)).

The parties disagree about whether STT will suffer legal prejudice if the sole remaining counterclaim is dismissed without prejudice. STT says that it will, arguing

---

[1] A previous version of Great Lakes's motion represented that STT did not oppose dismissal without prejudice. (Doc. 75). Great Lakes amended its motion to clarify that STT consents to dismissal with prejudice but opposes dismissal without prejudice. *See* Am. MTD at 1 n.1.

2

that "[u]nder Eleventh Circuit precedent, a 'partial adjudication on the merits, followed by voluntary dismissal without prejudice of a pending claim, does not create a final appealable order.'" Resp. at 2 (quoting *Hood v. Plantation Gen. Med. Ctr., Ltd.*, 251 F.3d 932, 934 (11th Cir. 2001) (per curiam)). So, according to STT, dismissal without prejudice effectively prohibits STT from appealing the adverse summary judgment award for Great Lakes. *See* Resp. at 2–3. STT argues that dismissing the counterclaim with prejudice would avoid this "finality trap" by creating a final, appealable order for Eleventh Circuit review. *Id.* Great Lakes, on the other hand, responds that an order dismissing the counterclaim without prejudice will not preclude appellate review of the summary judgment order, which Great Lakes says, "should be treated separately in the ultimate final judgment." (Doc. 81) at 3.

Great Lakes has the better view of the Rule 41 landscape and relevant Eleventh Circuit precedent, which concededly "splinters in multiple directions on whether voluntary dismissals without prejudice are final." *Corley v. Long-Lewis, Inc.*, 965 F.3d 1222, 1228 (11th Cir. 2020) (comparing *McGregor v. Bd. of Comm'rs*, 956 F.2d 1017, 1020 (11th Cir. 1992) (per curiam) ("An order granting a plaintiff's motion for voluntary dismissal pursuant to Rule 41(a)(2) qualifies as a final judgment

3

for purposes of appeal." (internal quotation marks omitted)), with *State Treasurer v. Barry*, 168 F.3d 8, 13 (11th Cir. 1999) ("[V]oluntary dismissals, granted without prejudice, are not final decisions themselves.")). STT relies on a line of cases deeming such orders—as well as orders that precede them—nonfinal and non-appealable when appealed by the dismissing party. *See, e.g.*, *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298 (5th Cir. 1978). But "[t]he purpose of this [*Ryan*] rule is to prevent a party from voluntarily dismissing its remaining claims without prejudice after a non-final adverse district court order has been entered in order to manufacture a final judgment." *Equity Inv. Partners, LP v. Lenz*, 594 F.3d 1338, 1341 n.2 (11th Cir. 2010). But, as here, the Eleventh Circuit has "decline[d] to apply the *Ryan* rule" where the appellant made no "improper attempt . . . to manufacture a final judgment to pursue an immediate appeal." *Id.*; *see Borden v. Saxon Mortg. Servs., Inc.*, 469 F. App'x 752, 753–54 & n.1 (11th Cir. 2012) (per curiam) (exercising jurisdiction over plaintiff's appeal from an order dismissing defendant's counterclaims without prejudice). Because neither party here seeks dismissal simply to expedite an appeal or manufacture jurisdiction, an order dismissing without prejudice Great Lakes's counterclaim falls outside the *Ryan* rule's ambit.

4

The Eleventh Circuit's decision in *Corley v. Long-Lewis, Inc.*, likewise confirms STT's ability to appeal both the dismissal order and the adverse summary judgment order. Recognizing it could not "harmonize" its "divergent decisions" on Rule 41(a)(2) dismissals, the *Corley* court explained that "the earliest-precedent rule applies." 965 F.3d at 1228, 1231. So following the earliest-in-time decision in *McGregor v. Board of Commissioners*,[2] the court "h[e]ld that an order granting a motion to voluntarily dismiss the remainder of a complaint under Rule 41(a)(2) 'qualifies as a final judgment for purposes of appeal'" and thus confers appellate jurisdiction under 28 U.S.C. § 1291. *Id.* at 1231 (quoting 956 F.2d at 1020). STT concedes this holding but suggests "there is no guarantee that the Eleventh Circuit would follow *Corley* in this case" because *Corley* did not overrule several earlier, contradictory decisions. (Doc. 80) at 4. But insofar as STT's authorities "did not even mention *McGregor*," let alone distinguish it, the *Corley* court declined to follow them. 965 F.3d at 1231. And the Eleventh Circuit has since followed *Corley*.

---

[2] Although *Ryan* predates *McGregor*, its holding was more limited: "voluntary dismissals are deprived of finality when part of the complaint remains before the district court." *Corley*, 965 F.3d at 1229 (citing *Ryan*, 577 F.2d at 300–02 & n.2). No part of the complaint will remain here.

5

*See, e.g., Emergency Recovery, Inc. v. Hufnagle*, 77 F.4th 1317, 1325 (11th Cir. 2023). I see no basis to conclude that it would do otherwise here.

Because STT thus presents no clear legal prejudice, I dismiss Great Lakes's counterclaim without prejudice and direct the entry of final judgment in its favor. The following is **ORDERED**:

1. Great Lakes Insurance SE's Amended Motion to Dismiss Counterclaim and for Entry of Final Judgment (Doc. 76) is **GRANTED**. Great Lakes's previous Motion (Doc. 75) is **DENIED** as moot.

2. The Clerk is directed to enter final judgment by separate document, which shall read: "Judgment is entered in favor of Great Lakes Insurance SE on the sole count in STT Acquisition Inc.'s Complaint. Great Lakes's counterclaim is dismissed without prejudice." The Clerk is further directed to close the case.

**ORDERED** in Tampa, Florida, on September 18, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge